## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br>RAYMOND S. GIBLER,<br><br>　　　　　　Debtor. | )<br>)<br>)　Case No. 18-10543-TBM<br>)　Chapter 7<br>)<br>)<br>) |
| ROCKY MOUNTAIN FIRE SPRINKLER<br>SUPPLY, LLC<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RAYMOND S. GIBLER,<br><br>　　　　　　Defendant | )<br>)<br>)　Adversary Proceeding No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR EXCEPTION TO DISCHARGE OF DEBT UNDER 11 U.S.C. § 523(c)**

ROCKY MOUNTAIN FIRE SPRINKLER SUPPLY, LLC ("RMFSS"), by and through its counsel CYLG, P.C. for its Complaint to Object to Discharge, states and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334.

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Venue in this district is proper under 28 U.S.C.§ 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

### PARTIES AND GENERAL ALLEGATIONS

5. Plaintiff RMFSS is a Colorado limited liability company authorized to do business in the State of Colorado.

6. Defendant Raymond S. Gibler ("Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on or about January 26, 2018. The case was converted to Chapter 7 on or about September 16, 2019.

7. Debtor is the owner and President of All-State Fire Protection, Inc. ("All-State") a construction services company. Debtor was at all relevant times responsible for collecting monies from its clients and making payments to All-State's subcontractors and vendors including, but not limited to RMFSS.

8. RMFSS sold materials and supplies to All-State and Debtor for use in various construction projects across Colorado that were worked on by All-State. All-State and Debtor agreed to pay RMFSS for those materials and supplies.

9. Despite All-State having received payment for the materials and supplies provided by RMFSS, All-State and Debtor failed to pay RMFSS for the value of the materials and supplies provided to these various projects.

10. Instead, All-State and Debtor retained those funds for their own use, in violation of §38-22-127, C.R.S. (the "Colorado Trust Fund Statute").

11. All-State and Debtor's actions and omissions in violation of the Colorado Trust Fund Statute constitute theft as defined and provided in §18-4-401, C.R.S.

12. Debtor made representations to RMFSS that RMFSS would be paid the full value of the materials/supplies provided by All-State, even after Debtor and All-State started to fall behind on payments.

13. Debtor made such representations to All-State knowing them to be false, but made such false representations anyway in an effort to continue to procure materials/supplies from RMFSS for other projects on which All-State was working (or on which it would be working in the future).

14. RMFSS reasonably relied on these representations in providing All-State with hundreds of thousands of materials/supplies because of RMFSS's long relationship with Debtor.

15. The amount owed from All-State and Debtor to RMFSS is $437,543.29 (the "Debt"), together with proper interest, costs, attorneys' fees and any other items allocable by statute or specific agreement.

16. Despite multiple demands, All-State and Debtor have refused to pay RMFSS for the amounts they received but failed/refused to hold in trust and pay to RMFSS.

17. On January 3, 2017 (later amended in May 2017), RMFSS filed a civil action against Debtor and All-State asserting claims against Debtor for civil theft (violation of Colorado Trust Fund

Statute), breach of fiduciary duty, among others. The civil action was filed in Adams County, Colorado State District Court, Case No. 2017CV030006.

18. Sometime thereafter, Debtor filed for bankruptcy protection in the United States Bankruptcy Court for the District of Colorado, Case No. 18-10543-TBM. Debtor's bankruptcy action was jointly administered with All-State's bankruptcy action filed under Case No. 17-15844-TBM.

19. Following a Motion to Dismiss filed by Creditor Wells Fargo, All-State's bankruptcy was eventually dismissed for failure to comply with certain conditions that would have allowed for it to avoid dismissal.

20. Accordingly, Debtor's bankruptcy was converted to a Chapter 7 and continues as Case No. 18-10543-TBM.

## FIRST CLAIM FOR RELIEF
### (11 U.S.C. §523(a)(2)(A))

21. RMFSS incorporates by reference Paragraphs 1 through 20 above, as though fully restated herein.

22. Debtor's actions and omissions constitute a debt for extension of credit obtained by Debtor through false pretenses, false representations and/or actual fraud.

23. RMFSS suffered damages as a result of Debtor's representations, actions and omissions in an amount to be proven at trial.

24. Pursuant to 11 U.S.C. § 523(a)(2)(A), the Debt and judgement requested herein should be excepted from discharge.

25. Pursuant to C.R.S. § 18-4-405, RMFSS is entitled to damages against All-State and Debtor as a result of All-State and Debtor's theft in the amount of two hundred dollars or three times the actual damages suffered by RMFSS, whichever is greater, plus interest and costs, and RMFSS's reasonable attorney fees associated with this action.

WHEREFORE, RMFSS respectfully prays for judgment following its Second Claim for Relief.

## SECOND CLAIM FOR RELIEF
### (11 U.S.C. §523(a)(4))

26. RMFSS incorporates by reference Paragraphs 1 through 25 above, as though fully restated herein.

27. The Debt was procured through fraud or defalcation while acting in a fiduciary capacity.

28.     Pursuant to the Colorado Trust Fund Statute, Debtor held funds sufficient to satisfy the Debt in a fiduciary capacity to RMFSS.  However, through fraud or defalcation, Debtor retained those funds for his own purposes to the detriment of RMFSS.

29.     Pursuant to 11 U.S.C. § 523(a)(4), RMFSS requests judgment against Debtor for the amount of the Debt, plus all statutory and actual damages, including treble damages pursuant to §18-4-405, C.R.S., all pre and post judgment interest and that such judgment be excepted from discharge.

WHEREFORE, RMFSS respectfully prays for judgment in its favor and against Debtor as follows:

A.     Against Debtor for RMFSS's actual contract damages in an amount to be determined at trial; plus pre- and post-judgment interest on said damages; and RMFSS's costs associated with this action;

B.     Against Debtor, for RMFSS's actual damages and statutory damages pursuant to C.R.S. § 18-4-405, resulting from Debtor's violation of C.R.S. § 38-22-127 in an amount to be determined at trial, plus pre- and post-judgment interest on said damages, reasonable attorney fees, and Plaintiffs' costs associated with this action;

C.     An Order that such judgment be excepted from bankruptcy discharge.

D.     For such further and additional relief as this Court deems just and proper.

Respectfully submitted December 23, 2019.

CYLG, P.C.

*s/ Christopher A. Young*
Christopher A. Young, Esq. #34207